

PLAINTIFF'S EXHIBIT A

THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF ILLINOIS

CHICAGO DIVISION

MARY CAMPISE )
   )
  Plaintiff, )
   ) Case No. 1:18-cv-6534
 v. )
   )
   ) Plaintiff Demands Trial By Jury
CEVA LOGISTICS )
   )
   )
  Defendant. 

## COMPLAINT

Plaintiff Mary Campise, through her undersigned counsel, seeks redress against Defendant Ceva Logistics (hereinafter "CEVA") and states as follow:

1. Plaintiff Mary Campise (hereinafter "Campise") brings this action for violations of the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964 as amended based on gender.

2. Plaintiff seeks declaratory, compensatory, and equitable relief.

3. This Court has subject matter jurisdiction over Plaintiff's ADEA and Title VII gender discrimination claims pursuant to 28 U.S.C. § 1331.

4. Venue in this court is proper for purposes of Plaintiff's ADEA and Title VII gender discrimination claims pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to this claim occurred in this judicial district.

5. Plaintiff Campise is a citizen of the United States who resides in this

1

judicial district.

6. Plaintiff Campise was hired as corporate account executive with the Defendant on or about June, 2014.

7. Defendant CEVA is a private entity operating under the laws of the State of Illinois. At all relevant times, Defendant has been continuously engaged in providing freight management services.

## Administrative Proceedings

8. On October 6, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based upon her age and gender.

9. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bring this claim. (Attached as Exhibit "1")

10. On or about June 30, 2018, Plaintiff received a notice of right to sue from the EEOC on his charge. (Attached as Exhibit "2")

11. Plaintiff's age and gender discrimination claims are timely filed within 90 days of the receipt of the notice of "right to sue".

## Factual Allegations Common to All Counts

12. On or about June of 2014, Campise was hired by Defendant as a corporate account executive.

13. Plaintiff was regarded as an excellent employee with above average reviews.

14. Additionally, Plaintiff made valuable contributions to the company and

2

went out of her way to add to the success of the company.

15. As a condition of Plaintiff's employment, Campise was required to travel and cover certain territories which made up her sales region.

16. Plaintiff worked long hours in an environment dominated by male employees and endured typical sexist statements.

17. Despite the working conditions, Plaintiff met every challenge put before her and endured the sexist environment.

18. Plaintiff's employment was terminated with Defendant on May 17, 2017.

19. Prior to Plaintiff's termination, she made numerous complaints about being treated differently than her male colleagues.

20. Plaintiff also made complaints that the younger male employees were being treated better.

21. Since Plaintiff's termination, Plaintiff has experienced tremendous emotional shock.

22. Plaintiff's termination has damaged her stellar reputation in the freight industry, in which she has worked for over 25 years.

23. As a result of her termination, her long-term customer relationships have been strained.

24. Hence, Plaintiff has had a difficult time finding sustained employment with decent pay in the logistics industry and gain any customer trust.

25. Kevin Colligan, a key decision maker on the Ceva management team favored male sales representatives.

26. These male representatives were Ben Vaughn, Joe Stupak, and Steve McGuigan.

27. Colligan showed preference to these males by giving them the majority of the leads, large accounts, and opportunities.

28. Several other women including Sara Marconi and Jessica Peltier experienced the same discrimination.

29. In fact, when a male sales representative, Steve McGuigan, left Defendant's employment, Colligan assigned most of his accounts to other representatives named Ben and Joe. Both who were men.

30. Additionally, other males were given large accounts such as Oriental Trading in Kansas City and Patterson Medical in Warrenville, which was Plaintiff's territory.

31. Colligan failed to supply support to many of the female representatives.

32. Colligan only supported territories that were conveniently assigned to his male friends.

33. In addition to showing favoritism toward male employees, there was a clear sense that Defendant was moving toward a younger work force.

34. Many of the males who were shown favoritism were younger and less capable than Plaintiff of doing the job.

35. In fact, in the normal course of business, it was not unusual for sales representatives to ask for a claim or credit.

36. Colligan would often fail to provide the claims or credits to Plaintiff but

4

would routinely give them to the younger male employees.

37. Colligan's failure to provide Plaintiff with the claims or credit, would upset Plaintiff's customer base making it more difficult for her to succeed.

38. On a separate occasion, Kevin Colligan was asked if, Viana Carrigan, a female salesperson would be considered for a promotion to account manager.

39. Carrigan, had a proven ability to provide excellent customer service to Plaintiff's clients.

40. Colligan responded that she would not because "she spoke with broken English and could not write well and a man might be a better fit".

41. Amazing, when Colligan terminated Plaintiff, he said, "I guess I really did not do much to help you."

42. Colligan continued by asking "what is your husband doing these days, he does pretty well right?"

43. Plaintiff has been suffering from depression and has had to explain to long time customers, family and friends, that she was terminated. Many of these people, Plaintiff has known for at least 25 years.

44. Many prospective employers have concluded that Plaintiff was terminated because she lacks talent, or does not poses a strong work ethic. This has made future employment very difficult.

45. Colligan has further decimated Plaintiff's character internally at CEVA Logistics, as well as publicly humiliated Plaintiff in front of other employees, and reprimanded her in emails with others in copy.

5

## COUNT I
### Violation of The ADEA of 1967 as Amended

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 45 above as if fully set forth herein.

47. At all relevant times, Defendant was and is an "employer" within the meaning of the ADEA. At all relevant times, Plaintiff was employed by Defendant and was an "employee" of Defendant within the meaning of the ADEA.

48. Plaintiff filed a charge of discrimination with the EEOC, alleging age discrimination more than sixty (60) days prior to bringing this claim.

49. Defendant acted intentionally and in bad faith when it terminated Plaintiff from her position because of her age.

50. Defendant failed to use its own policy in terminating Plaintiff because of her age.

51. Instead Defendant terminated Plaintiff and demonstrated favoritism toward younger male workers.

52. Defendant, as an employer is subject to the requirements of ADEA.

53. Defendant, as an employer should not discriminate against its employees because of their age.

54. Defendant, as an employer, has an obligation to ensure that its employees are not discriminated against based on their age and are not terminated from any position for discriminatory reasons.

55. Defendant, as an employer, should have an enforceable policy against

discrimination including age discrimination.

56. Defendant violated this policy by discriminating against Campise based on her age.

57. By reason of the foregoing, Defendant discriminated against Campise because of her age in violation of the ADEA of 1967 as amended.

58. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, Attorney's fees, and other damages.

## Count II
### Intentional Infliction of Emotional Distress

59. Plaintiff incorporates herein Paragraph 1 through 58 of this Complaint.

60. At all times herein relevant, Defendant was bound by its common law and statutory duties to keep Plaintiff safe from harm and not to violate her right to be free from an abusive work environment.

61. Plaintiff Campise has suffered substantial and enduring emotional injury.

62. Defendant knew or should have known, that its failure to protect Campise from abusive employees and co-workers, and on-going harassment based on her age would reasonably cause Plaintiff serious injury.

63. Defendants breached their duty to exercise due care by refusing to provide an emotionally safe working environment for Plaintiff based on her age and gender.

7

64. As a proximate result of Defendants' acts or omissions as described above, Plaintiff has suffered serious emotional distress in the form of shame, humiliation, degradation, and physical injuries in an amount to be determined at trial.

## COUNT III
### Violation of The ADEA of 1967 as Amended

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 64 above as if fully set forth herein.

66. At all relevant times, Defendant was and is an "employer" within the meaning of the Title VII. At all relevant times, Plaintiff was employed by Defendant and was an "employee" of Defendant within the meaning of Title VII.

67. Plaintiff filed a charge of discrimination with the EEOC, alleging gender discrimination more than sixty (60) days prior to bringing this claim.

68. Defendant acted intentionally and in bad faith when it terminated Plaintiff from her position because of her gender.

69. Defendant failed to use its own policy in terminating Plaintiff because of her gender.

70. Instead Defendant terminated Plaintiff and demonstrated favoritism toward younger male workers.

71. Defendant, as an employer is subject to the requirements of Title VII.

72. Defendant, as an employer should not discriminate against its employees because of their gender.

73. Defendant, as an employer, has an obligation to ensure that its

employees are not discriminated against based on their gender and are not terminated from any position for discriminatory reasons.

74. Defendant, as an employer, should have an enforceable policy against discrimination including gender discrimination.

75. Defendant violated this policy by discriminating against Campise based on her gender.

76. By reason of the foregoing, Defendant discriminated against Campise because of her gender in violation of the Title VII of the Civil Rights Act of 1964 as amended.

77. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, Attorney's fees, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. All wages and benefits Plaintiff would have received but for the ADEA and Title VII violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

B. A permanent injunction enjoining Defendant from engaging in the practices complained of herein;

C. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADEA and Title VII;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

E. An award of reasonable attorneys' fees, costs, and litigation expenses; and

F. Such other relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/ Andre  P. Gaston*
**Attorney for Plaintiff Mary Campise**

Electronically filed on September 26, 2018
The Law Office of Andre P. Gaston
2 Mid America Plaza, Suite 800
Oakbrook Terrace, Illinois 60181
Phone:  630-560-3692
Fax:     630-566-0367
Email:  andre.gaston@agastonlaw.com

10