THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

MARY CAMPISE              )

                           )

       Plaintiff,          )

                           )       **Case No. 1:18-cv-6534**

     v.               )

                           )

                           )       **Plaintiff Demands Trial By Jury**

CEVA LOGISTICS       )

                           )       **Honorable Marvin E. Aspen**

                           )

                           **)**

## DEFENDANT CEVA LOGISTICS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Defendant CEVA Logistics ("CEVA" or "Defendant") submits this Response to Plaintiff Mary Campise's ("Campise" or "Plaintiff") Statement of Facts.

## INTRODUCTION

On August 23, 2019, CEVA filed its Motion for Summary Judgment ("CEVA's Motion") with a Statement of Undisputed Fact as dictated by Rule 56.1 of the Local Rules for the Northern District of Illinois. Local Rule 56.1 required that Campise specifically note any areas of disagreement with CEVA's Statement of Undisputed Fact. Campise failed to comply with this Court's rules.

Defendant also objects to all the "facts" asserted under the heading "Statement of Facts" in Plaintiff's Response in Opposition as they do not contain any citation to supporting materials. *See* N.D. Ill. L.R. 56.1(b)(3)(B); *see also FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005) (stating that the "affidavit fail[ed] to cite a single piece of record evidence to support its assertions"

1

and therefore "utterly fail[ed] to conform with the requirements of Rule 56.1, and the district court had no obligation to construe it as compliant").

Rather than comply with the Local Rules, Campise buries a number of factual assertions in the argument section of her Response. In an effort to keep with the local rules, Defendant has extracted from Plaintiff's Response the various factual allegations peppered throughout her Response and provides these point-by-point contentions in opposition.

## A.   CEVA'S RESPONSES TO PLAINTIFF'S FACTUAL ASSERTIONS

1.   <u>Plaintiff's Contention</u>:   Defendant discriminated against Plaintiff based-on gender and age and made its male employees a priority and failed to provide the same material support to women. (*See Campise Response, Plaintiff's Exhibit B at p. 60 i.g. priority for men's accounts lines 7 thru 8, p. 57 rode with men and not women, p. 58 cancelled several rides with Plaintiff, lines 6 thru 8, p. 58 Plaintiff lost account because of Colligan's failure to ride and provide support*).[1]

**RESPONSE:** Disputed.   Plaintiff cites only to her subjective belief and not a statement of fact.   A "[p]laintiff's subjective belief alone is insufficient to create a triable issue."   *Hosick v. Chi. State Univ. Bd. of Trs.*, 924 F. Supp. 2d 956, 977 (N.D. Ill. 2013); *see* Pl.'s Ex. B 60:7–8 ("***I just think*** that there was a priority got men's accounts." (emphasis added)).   Additionally, Plaintiff's record citations do not support her conclusions.   See Pl.'s Ex. B at 59:6–10 ("Q: [D]id you lose any business

---

[1] The citations to each of Plaintiff's Contentions are quoted here as stated by Campise in her Response.

because Kevin didn't go on a ride with you? A: ***I didn't lose any***.").   Plaintiff admitted Colligan rode to sales call with her.  She thought he rode with men more often because of what she heard but not based on fact.   See Pl.'s Ex. B 57:12–19.

2.     Plaintiff's Contention:     Campise made numerous complaints to Colligan about age and gender discrimination.  See Pl's Ex. B, p. 91, p. 92 lines 3-24, p. 95, lines 1-2.

**RESPONSE:** Disputed.   Plaintiff never complained specifically of age or gender discrimination.  Plaintiff complained when Colligan assigned a non-revenue account away from her, but she did not use words to indicate her complaint related to illegal bias in the workplace. See Pl.'s Ex. B 94:22–95:7.

3.     Plaintiff's Contention:     Colligan made sexists jokes including but not limited to his "sexcapades" prior to the time that he was married. See Pl's Ex. B,, p. 61, lines 2, 4-5, 6 and 10-14.

**RESPONSE:** Disputed.   Plaintiff testified that Colligan <u>only once</u> made a remark about the music he played when he had sex in college.  See Pl.'s Ex. B 60:24–63:9. No evidence was offered of multiple sexist remarks.

4.     Plaintiff's Contention:     Campise testified that colleagues made insensitive jokes about women. See Pl's Ex. B, p. 63, lines 2-3 and p. 64, p. 93 lines 20-24.).

**RESPONSE:** Disputed. Plaintiff testified that she was unable to recall any comments that were made. *See* Pl.'s Ex. B 63:2–3

5. Plaintiff's Contention: Colligan admits that he made sexually inappropriate statements. (*See* Colligan Deposition Marked As "Plaintiff's Exhibit C" p. 54 lines 4-9).

**RESPONSE:** Disputed. Colligan admitted only to making the single comment noted above. Pl.'s Ex. C 54:4–9.

6. Plaintiff's Contention: Campise claimed she was meeting the legitimate performance expectations of her employer. See Campise Deposition, p. 47 lines 10 thru 24, p. 48 lines 1 thru 4 and 5-9, p. 50 inaccurate billing issues lines 1-3 & p. 74.

**RESPONSE:** Disputed. Early in her deposition Plaintiff testified that she did not know if she met her quota. *See* Pl.'s Ex. B 48:1–4. Later, she admitted that when placed on a performance improvement plan ("PIP") she knew she had not met her quota. Def's Ex. A, Campise Dep. 70:21–24; 71:9–16; Ex. A, Campise Dep. Ex. 2; She also admitted that she had never been paid a commission, which also meant she had never met her sales quota. Def's Ex. A, Campise Dep. 71:17–72:2.

7. Plaintiff's Contention: Plaintiff further testified that after she was placed on a performance improvement plan that she showed immediate and sustained improvement, but Defendant did not track sales data correctly. (*Pl.'s Ex. B,* p. 74 lines 13 thru 23)

4

**RESPONSE:** Disputed. Plaintiff never met quota. (Def's Ex. A, Campise Dep. 70:21–24; 71:9–16; Ex. A, Campise Dep. Ex. 2;. Ex. B, Colligan Decl. ¶ 21).

8. <u>Plaintiff's Contention</u>: Steve Walter, Kevin Colligan's immediate supervisor, at all relevant times was the former Senior vice President of Business Development. (*See* Steve Walter Deposition Marked as Plaintiff's Exhibit D p. 12).

**RESPONSE:** Disputed. Walter joined CEVA as a senior vice president of CEVA in September of 2018. Plaintiff's statement of "at all relevant times" is vague, but Plaintiff's employment was terminated in 2017, before Walter was hired as a senior vice president. *See* Def.'s Ex. B ¶22.

9. <u>Plaintiff's Contention</u>: Walter testified at his deposition that he was located in Houston, Texas and Colligan was located in Chicago and never worked in the same office as Colligan (*Id* at p. 16, lines 10-15 & p. 21, line 22).

**RESPONSE:** Disputed. Walter testified that for approximately two years he and Colligan worked in the same office in Chicago. *See* Pl.'s Ex. D 21:24–22:13. Defendant does not dispute that when Walter was rehired in Sept. 2018, he was located in Houston, Texas. *See* Pl.'s Ex. D 14:7–15.

10. <u>Plaintiff's Contention</u>: Colligan was ultimately responsible for conducting interviews, selecting candidates, and Walter relied on Colligan's judgment to make decisions for hiring. See Pl.'s Ex. D p. 18 lines 22-24.

**RESPONSE:** Disputed. When Plaintiff was hired, Walter was not in a position of commercial responsibilities within the organization. *See* Pl.'s Ex. D 19:12–2.

11. <u>Plaintiff's Contention</u>: Walter testified that he "rubber stamped" Colligan's hires. See Pl.'s Ex. D p. 19 lines 3-6.

**RESPONSE:** Disputed. When Plaintiff was hired, Walter was not in a position of commercial responsibilities within the organization. *See* Pl.'s Ex. D, 19:12–2.

12. <u>Plaintiff's Contention</u>: Walter testified multiple times that Colligan was given autonomy to assign accounts as he pleased. See Pl.'s Ex. D at p. 27 lines 6-10 lines 18-23, p. 28 lines 9-10, lines 20-25, p. 31 lines 2 thru 25 and p. 32 lines 2-25).

**RESPONSE:** Disputed. Walter stated that he did not know how accounts were handled while Plaintiff was employed, as he only re-joined Defendant's employ in 2018. *See* Pl.'s Ex. D 27:24–28:3.

13. <u>Plaintiff's Contention</u>: Walter testified that it was entirely possible that Colligan could assign those accounts to his male friends. See Pl.'s Ex. D 34:1-5).

**RESPONSE:** Disputed. The statement is mere speculation and not competent summary judgment evidence. "[M]ere speculation cannot create questions of fact . . . . [o]pinions expressing a mere possibility with regard to a hypothetical situation are insufficient to establish a genuine issue of material fact." *ExxonMobil Oil Corp. v. Amex Constr. Co.*, 702 F. Supp. 2d 942, 965 (N.D. Ill. 2010) (citation omitted).

15. Plaintiff's Contention: Colligan admitted that it was possible that a disproportionate number of accounts could be assigned to males. See Pl.'s Ex. C, 38-39; 40;13-24; 41:1-7.

**RESPONSE:** Disputed. Plaintiff argues that Colligan used his discretion to discriminate in how he assigned non-revenue accounts. The record does not support this conclusion. The only competent summary judgment evidence as to how Colligan assigned non-revenue accounts is his Declaration. See Def's Ex. B, ¶¶ 13-15.

16. Plaintiff's Contention: Colligan has admitted that his autonomy could lead to gender discrimination and ultimately determine the success of a sales rep. See Pl.'s Ex. C, 38-39; 40;13-24; 41:1-7.

**RESPONSE:** Disputed. Campise does not cite to **_any_** evidence to support this conclusory statement. Her reference to Colligan's deposition does not support the conclusion she asserts. Defendant objects to this "fact" because it does not refer to the record at all. *See* N.D. ILL. L.R. 56.1(b)(3)(B); *see also FTC*, 423 F.3d at 634.

17. Plaintiff's Contention: On August 12, 2019, Sara Marconi, a former employer of Defendant of seven (7) years testified during her deposition that accounts were removed from her unfairly and that she was treated unlawfully based on her gender. *See Pl's Ex E.*

**RESPONSE:** Disputed. Campise refers to Marconi's subjective belief, which is not evidence of discrimination. "[S]ubjective belief alone is insufficient to create a triable issue." *Hosick*, 924 F. Supp. at 977; *see* Pl.'s Ex. E 16:8–9 ("There were some accounts that were removed from me *that I felt* were unfair." (emphasis added)).

18. Plaintiff's Contention: Marconi ultimately filed a complaint of discrimination with the EEOC alleging both age and gender discrimination and alleged that Colligan failed to provide the same support for females that he did males. (See Attached Marconi Charge of Discrimination Marked As "Plaintiff's Exhibit F").

**RESPONSE:** Disputed. Marconi did not file a Charge of Discrimination. Campise attaches an unverified and unsigned form of Charge noticeably not accepted by the EEOC. The document is inadmissible hearsay and not authenticated.

19. Plaintiff's Contention: Younger workers were given accounts and set up to succeed while older workers were excluded.

**RESPONSE:** Disputed. Campise cites to no competent summary judgment evidence. See N.D. ILL. L.R. 56.1(b)(3)(B); v *see also FTC*, 423 F.3d at 634.

20. Plaintiff's Contention: Campise has alleged in her deposition that her work environment was abusive, and this included cursed by other employees. (Campise Deposition pp. 101-102).

8

RESPONSE: Disputed.  The cited record merely refers Plaintiff's subjective beliefs that the work environment was abusive.  "[S]ubjective belief alone is insufficient to create a triable issue."  *Hosick*, 924 F. Supp. at 977.  Defendant further objects to this statement of fact as it is an improper argument and conclusion as to whether the environment was "abusive."  A "56.1(a) statement should contain only factual allegations.  It is inappropriate to allege legal conclusions in a 56.1(a) statement."  *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000).  Defendant does not dispute that Plaintiff testified that there was swearing in the warehouse, however, she was unable to recall any specific examples.  See Pl.'s Ex. B 101:20–103:15.

## B.      CEVA ADMITS TO THE FOLLOWING FACTS AS TRUE

CEVA admits that the following statements in Plaintiff's Response are accurate:

1.      Sarah Marconi, Campise's co-worker, had conversations with the Plaintiff and co-workers related to Marconi's concerns of gender discrimination.

2.      Colligan was responsible for and had discretion to assign non-revenue accounts.

3.      Walter acknowledged that CEVA has no written policy on how Colligan could assign non-revenue accounts.

4.      Colligan has worked for Defendant for over 8 years.

5.      Colligan oversaw the sales team that Campise worked on.

9

6. Colligan was responsible for driving sales and providing support to his sales team.

7. Colligan testified that it was in his sole discretion in determining who he would ride with and that there was no written policy on the matter.

9. Walter did not know if there was an HR representative at Plaintiff's work location.

10. Walter did not know the gender make-up of Colligan's sales team in Chicago, and that was not one of his duties to know that information.

Dated this 4th day of November, 2019.

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: /s/ *Mark J. Levine*
Mark J. Levine TX #00791102
*Admitted Pro Hac Vice*
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341
mlevine@wkpz.com

Kathleen M. Kunkle
ANCEL GLINK, P.C.
140 S. Dearborn Street, Suite 600
Chicago, IL 60603

Attorneys for Defendant

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email on opposing counsel on November 4, 2019.


Andre P. Gaston
IL ARDC # 6307509
THE LAW OFFICE OF ANDRE P. GASTON
1901 N. Roselle Road, Suite 800
Schaumburg, IL 60195
Phone: 630.560.3692
Facsimile: 630.566.0367
andre.gaston@agastonlaw.com

**ATTORNEY FOR PLAINTIFF**


By: /s/ *Mark J. Levine*
Mark J. Levine

11